IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN SMITHSON,<br><br>　　　　　Defendant. | 2:10-cr-00211-GEB-7<br><br>ORDER RE: DEFENDANT'S MOTIONS IN LIMINE |

　　　　Defendant John Smithson moves in limine for an order seeking pretrial rulings both admitting and excluding certain evidence at trial. (ECF No. 227.) The government filed a response to Defendant's motion on January 24, 2012. (ECF No. 228.) Each of Defendant's motions are addressed below.

　　　　This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g). Therefore, the hearing scheduled to commence at 11:00 a.m. on January 28, 2012 is vacated.

**A.　Pre-Trial Convictions**

**1.　Terry Roberson**

　　　　Defendant seeks admission of Terry Roberson's "conviction in the Northern District of 18 U.S.C. 641, theft of government property, a misdemeanor." (Def.'s Mot. in Limine ("MIL") 2:19-22, 3:2-9.)

　　　　This motion is DENIED as moot in light of the government's statements in its opposition that "the fact of Terry Roberson's prior

misdemeanor conviction is properly admissible as a prior bad act within the meaning of Rule 608," and "[D]efendant is allowed to introduce evidence that: (1) Terry Roberson was convicted of a misdemeanor in 1999; and (2) the misdemeanor was theft of government property." (Gov'ts Opp'n 2:13-16, 3:1-4.)

### 2. Gregory Ross

Defendant seeks admission of potential witness Gregory Ross's convictions for 1) 18 U.S.C. 500, fraudulent money orders in 1999; 2) fraudulent checks in South Carolina state court in 1997; and fraudulent checks in South Carolina state court in 2006. (Def.'s MIL 2:23-26.)

The government counters that the 2006 conviction is inadmissible under Federal Rule of Evidence ("Rule") 609(a)(2), arguing that "[b]ad check crimes are not per se crimes of dishonesty or false statement[,]" and Defendant "has not proffered any facts, or indeed, the statute of conviction, which would implicate the elements of the crime." (Gov'ts Opp'n 3:15-23.) The government further rejoins that the 1997 and 1999 convictions are inadmissible under Rule 609(b), arguing that they are "stale," and Defendant "has not set forth any specific facts and circumstances supporting . . . admission[.]" Id. 4:6-8, 4:20-22.

Rule 609 governs the admission of prior convictions for impeachment. Under Rule 609(a)(2), "for any crime regardless of the punishment, [evidence of a criminal conviction] must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Crimes involving a "dishonesty and false statement" means

> crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the witness's propensity

2

> to testify truthfully. Historically, offenses classified as *crimina falsi* have included only those crimes in which the ultimate criminal act was itself an act of deceit.

Fed. R. Evid. 609 advisory committee's notes, 2006 amendments (internal quotation marks, internal brackets and citation omitted). Thus, "the proponent [of the past conviction must] have ready proof that the conviction required the factfinder to find, or the defendant to admit, an act of dishonesty or false statement." Id. The Advisory Committee Notes to the 2006 Amendments to Rule 609 further explain:

> Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement. Where the deceitful nature of the crime is not apparent from the statute and the face of the judgment -- as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly -- a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted.

Id.

Further, under Rule 609(b), "a conviction more than ten years old is not admissible as impeachment evidence 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" United States v. Bensimon, 172 F.3d 1121, 1125 (9th Cir. 1999)(citing Fed. R. Evid. 609(b)). "Under Rule 609(b), [Defendant] must present evidence upon which the district court can make this determination." Id. (citation omitted). "Furthermore, the district court must make findings of specific facts and circumstances on the record to support the introduction of the prior conviction." Id. (citations omitted).

Concerning the two state law fraudulent check convictions, Defendant presented no evidence showing that the convictions involved dishonesty or false statements; and bad check convictions do not necessarily involve dishonesty or false statements. See United States v. Hall, 71 F.3d 569, 572-573 (6th Cir. 1995)(stating "[c]ourts have held in a variety of contexts that passing 'bad checks' or overdrafts on one's personal account does not constitute fraudulent behavior"); United States v. Barb, 20 F.3d 694 (6th Cir. 1994)(stating "the Tennessee worthless check statute . . . is not a *per se* crime of dishonesty"); United States v. Miller, No. CR 09-4014-MWB, 2009 WL 3676394, at * 2-3 (N.D. Ill. Oct. 30, 2009)(compiling cases).

Similarly, regarding the 1999 federal fraudulent money orders conviction, Defendant provided no facts or argument to permit the Court to weigh its probative value, if any, against its prejudicial effect.

For the stated reasons, Defendant's motions in limine to admit Gregory Ross's past convictions are DENIED.

**B.   Sentencing Jeopardy as Motivation**

Should Terry Roberson, Gregory Ross and Mr. Roberson testify, Defendant seeks to ask questions concerning each testifying witness's sentencing exposure for the purpose of showing the witness's motivation to testify for the prosecution. (Def.'s MIL 6:1-18.)

This motion is DENIED as moot since the government states in its opposition that it "is not opposed to the defendant cross-examining Roberson and Ross regarding their sentencing exposure, the terms of their plea agreements, and the existence of any deal between the government and the witness for their testimony (or their understanding thereof)." (Gov'ts Opp'n 5:12-16.)

1  C. **Prior Acts of Misconduct**

2  Defendant seeks to admit evidence under Rule 608(b) concerning "specific acts of conduct on the part of [Terry] Roberson" which are asserted to be "probative of her character for untruthfulness." (Def.'s MIL 6:20-26.)

6  It has not been shown that a ruling on this motion is required since the government states in its opposition that it "is not opposed to the defendant exploring Terry Roberson's prior acts of misconduct that are related to this case." (Gov'ts Opp'n 6:13-14.) In light of what Defendant indicates he intends to do and the government's response, the motion is DENIED as moot.

12  D. **Reference to the Defendant's Troubled Youth**

13  Defendant seeks to exclude under Rule 403 "any reference to any incidents involving Mr. Smithson as a juvenile which do not rise to the level of prior convictions under Rule 609[,]" arguing such evidence is irrelevant and "would unfairly . . . prejudice the defendant." (Def.'s MIL 7:3-23.) The government responds in relevant part as follows:

> The government does not intend to dwell on the defendant's "troubled youth." The government may elicit testimony that Gregory Ross met the defendant while the defendant was a young student and that Ross took him under his wing and acted as a mentor. Inherent in that testimony, Ross may mention that the defendant was having a hard time. The government does not intend to elicit any details regarding these issues.
>
> That being said, the defendant has noticed character witnesses and provided reports to the government regarding what the testimony of those witnesses might be. If any of those witnesses open the door to the defendant's "troubled youth," the government will request a sidebar and raise this issue with the Court before inquiring further.

(Gov'ts Opp'n 6:18-7:4.)

5

It is unclear exactly what evidence is involved in this motion. Further, the record lacks sufficient factual context for an in limine ruling. Therefore, the motion is DENIED.

**D.    Defendant's Statement**

Defendant seeks to suppress the statement he made to investigator, Mr. McCree, on October 9, 2009, arguing it was "compelled under threat of termination and must be excluded pursuant to Garrity v. New Jersey, [385, U.S. 493 (1967)]." (Def.'s MIL 9:12-15.) Defendant requests an evidentiary hearing outside the presence of the jury "on the preliminary question of the voluntariness of the statement." Id. at 9:16-18.

The government counters that an evidentiary hearing on this motion is unnecessary since Defendant "fail[ed] to provide any facts supporting his argument at all[;]" the Defendant "d[id] not submit a personal affidavit or declaration, attesting to [any] fact." (Gov'ts Opp'n 7:7-11.) The government further rejoins that the statement should not be suppressed, stating "this situation is exactly the opposite of Garrity." Id. at 8:8-9. The government argues:

> [I]n this case[, t]he defendant was told that he would not lose his job if he exercised his right to remain silent. . . . It is true that the defendant was told that if he remained silent, that silence could be "construed in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding your case." This warning did not compel the defendant to speak, rather, it was a correct statement of the law. See Baxter v. Palmigiano, 425 U.S. 308, 320 (adverse inference can be drawn from inmate's fifth amendment silence at disciplinary proceeding). Significantly, the Baxter court distinguished such a warning from the facts of Garrity because, in Garrity and its companion cases, "failure to respond to interrogation was treated as a final admission of guilt." Id. at 317. Warning an individual that his silence can be used against him at a later, non-criminal hearing "is merely a realistic

> reflection of the evidentiary significance of the choice to remain silent." Id.

Id. at 8:6-22. The government filed an "Employee Warning - Criminal Noncustodial" form ("Employee Warning") in support of its opposition. (Gov'ts Opp'n Ex. 2.) The Employee Warning states in relevant part as follows:

> Before I ask you any questions, or request a statement, you must understand your rights, which are:
>
> You have a right to remain silent if your answers may incriminate you.
>
> Anything you say may be used as evidence both in an administrative proceeding or any future criminal proceeding involving you.
>
> If you refuse to answer the questions posed to you on the ground that the answers may tend to incriminate you, you cannot be dismissed solely for remaining silent. However, your silence can be construed in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding your case.

Id. The Employee Warning appears to have been signed by Defendant on October 9, 2009, and states above the signature:

> I have read or have had read to me the above statement of my rights and responsibilities as an employee of the U.S. Department of Agriculture. I understand what these rights and responsibilities are. No promises or threats have been made to me and no pressure or coercion of any kind has been made against me.

Id.

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." United States v. Howell, 231 F.3d 615, 620 (9th Cir. 2000)(citations omitted). "[Defendant's conclusory motion] plainly d[oes] not meet this standard. In his motion . . . , [Defendant]

7

identified no facts which, if proved, would allow the court to suppress the [statement]." Id. at 621. Therefore, Defendant's request for an evidentiary hearing on his motion to suppress is DENIED.

Further, there is no evidence in the motion record that Defendant's statement was compelled under threat of termination. As stated above, Defendant presented no facts in support of his motion. The only evidence in the motion record concerning the circumstances surrounding Defendant's statement is the Employee Warning, which contains the statement that Defendant was told he could not be terminated for refusing to provide a statement. Therefore, Defendant's motion to suppress his October 9, 2009 statement is DENIED.

Dated: January 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge